IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DYNAMIC SPORTS NUTRITION, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-08-1929 |
| | § | |
| ANTHONY ROBERTS, *et al.*, | § | |
| | § | |
| Defendants | § | |

**ORDER GRANTING THE PLAINTIFF'S APPLICATION
FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING
ON THE PLAINTIFF'S APPLICATION FOR TEMPORARY INJUNCTION**

The plaintiff, Dynamic Sports Nutrition, Inc., has sought a Temporary Restraining Order against the defendants, Anthony Roberts a/k/a Anthony Connors ("Roberts"), A. Roberts, LLC ("ARLLC"), and Douglas R. Dreier d/b/a Steriod-RX.com. The plaintiff alleged that the defendants unlawfully misappropriated and disclosed the plaintiff's trade secrets and confidential business information. The court has considered the plaintiff's Verified Original Complaint and attachments, the arguments of counsel, and the applicable law. Based on this review, the court grants the motion, finding as follows:

1. The plaintiff provided sufficient notice to defendants of the application for Temporary Restraining Order and did not seek *ex parte* relief.

2. There is a substantial likelihood that the plaintiff will prevail on its claims against defendants Roberts and Dreier after a trial on the merits on the claims for misappropriation of trade secrets and confidential information, violation of the Texas Theft

Liability Act, breach of fiduciary duty and the duty of loyalty, conversion, and violations of the Computer Fraud and Abuse Act.

3.  The plaintiff's submissions showed that the defendants posted on websites and blogs protected trade secrets and confidential business information of the plaintiff, including the ingredients used in the plaintiff's products, the formula for the products, and the plaintiff's actual costs of manufacturing and distributing the products, causing irreparable harm to the plaintiff. The total loss to the plaintiff cannot be accurately measured at this time and the plaintiff has no adequate remedy at law. The injury to the plaintiff due to the defendants' conduct outweighs any hardship to the defendants from being restrained. Granting the Temporary Restraining Order would not adversely affect public policy or public interest.

The court grants the plaintiff's Application for Temporary Restraining Order. The court orders that Roberts, A. Roberts, LLC, Dreier, and their agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, refrain from:

(a) deleting, altering, destroying, or removing any emails, communications, blog postings, or other communications, which Roberts or Dreier sent to or received from any third-party user of the steroid-rx.com website or posted to any blog site between April 1, 2008 and the date the Temporary Restraining Order expires;

(b) deleting, altering, destroying, or removing any documents, files, or electronically stored information in the possession, custody, or control of Roberts or Dreier, which have information relating to DSNI, the costs of goods

      sold, the formula for the products, Brian Clapp, or any information regarding DSNI's customers' financial information or prior purchases from DSNI;

(c)    directly or indirectly disclosing any data contained on the Mac laptop computer that Roberts took from the plaintiff, the compact disk that is pictured in the June 22, 2008 entry on Roberts' blog, the formula or ingredients of the plaintiff's products, the costs of the goods that the plaintiff sells, or the profit margins that the plaintiff has on its products;

(d)    selling, assigning, or converting any of DSNI's trade secrets or confidential information or any information contained on the Mac laptop computer that Roberts took from the plaintiff or the compact disk he admits having in his possession;

(e)    using any password to access private, password-protected information contained in the websites operated by the plaintiff (such as sales data or the names, addresses, and orders of the plaintiff's customers); and

(f)    using or disclosing, directly or indirectly, DSNI's or DSNI's clients' confidential information or trade secrets, including but not limited to information on the Mac laptop computer that Roberts took from the plaintiff or the compact disk he admits having in his possession.

The court further orders that:

(a)    defendants Roberts must return to the plaintiff or or to the offices of its counsel the Mac laptop computer, the compact disk he admits to having in his possession, and information about DSNI's products, financial outlook, financial status, sales and profit margins, business operations or sales figures, or any other property Roberts took from DNSI, in an unaltered state, by 12:00 p.m. Friday, June 27, 2008;

(b)    defendants must preserve records of disclosures or dissemination of the plaintiff's trade secrets or confidential information about the costs of products or the formulas for the products;

(c)     defendants must remove the blog postings about the costs of the plaintiff's products, the formulas for the products, and the plaintiff's manufacturing costs or profits from the products, at:

> http://buysteriodsscam.blogspot.com
> http://buysteriodsscam.livejournal.com
> http://buysteriodscomscam.blog.com
> http://clearblogs.com/buysteriodsscam
> http://buysteriodsscam.wordpress.com
> http://www.soulcast.com/buysteriodsscam;

(d)     defendants must take reasonable steps to remove postings of data about the costs of the plaintiff's products, the formulas for the products, or the manufacturing costs or profits, which the defendants directly or indirectly caused to be disclosed on any blog site, message board, private message, or website;

(e)     defendants must send emails, make telephone calls, or transmit certified letters, as necessary and at defendants' expense, to all website operators, web hosting companies, or ISPs that host the websites that are disclosing this information and demand that such information be removed, and must also provide each third-party website or hosting company a copy of the Temporary Restraining Order;

(f)     defendants must conspicuously post a copy of this Temporary Restraining Order on the home pages for "www.robertsblog.com" and "www.steroid-rx.com" and warn members of such sites of the potential for criminal and civil liability for disclosing of the plaintiff's cost information, formulas, and ingredients; and

(g)     defendants must deliver, no later than Friday, June 27, 2008, at 12:00 p.m., to a third-party computer forensics technician to be named by the court, every hard drive, back up drive, flash drive, compact disk or other storage medium, in their possession, custody, and control, if such drive was used to: (I) store data or electronically communicate with third parties, between May 25, 2008 and June 19, 2008, about the ingredients of the plaintiff's products, the formula for the plaintiff's products, the costs for the plaintiff to produce its products; or (ii) to access websites operated by the plaintiff or inspect data in the "shopping carts" of the plaintiff's websites to determine sales activity. The defendants will incur the expense of transporting the drives to plaintiff's counsel, but the plaintiff will incur the expense to have each drive imaged for

        purposes of preserving, cataloging, and locating evidence and will return them, after a reasonable time, to the defendants.

    5.    This Temporary Restraining Order preserves the status quo existing before Roberts took the Mac laptop computer, accessed the data on the compact disk admittedly in his possession, and began disseminating plaintiff's trade secrets and confidential business information on the internet.

    6.    This Order will expire on July 8, 2008 unless before that time expires, it is extended for good cause for up to an additional ten days.

    7.    The court sets bond at $1,000.00.

    8.    The plaintiff's Application for Temporary Injunction is set for a hearing on **July 14, 2008 at 9:00 a.m.** in Courtroom 11B. The defendants are hereby ordered to appear at the hearing.

This Order is not effective until the plaintiff executes and files a bond in the amount of $1,000.00.

    SIGNED on June 23, 2008, at Houston, Texas.

                                                _____
                                                    Lee H. Rosenthal
                                              United States District Judge