**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DYNAMIC SPORTS NUTRITION, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-08-1929 |
| | § | |
| ANTHONY ROBERTS, *et al.*, | § | |
| | § | |
| Defendants | § | |

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR PRELIMINARY INJUNCTION**

On July 14, 2008, the court held a hearing on the Motion for Preliminary Injunction filed by Dynamic Sports Nutrition, Inc. ("DSNI"). Despite having actual notice of the hearing, defendants Anthony Roberts a/k/a Anthony Connors ("Roberts") and A. Roberts, LLC ("ARLLC") did not appear. Douglas R. Dreier d/b/a Steroid-RX.com also did not appear.

Based on the evidence, the court makes the following findings:

1.      DSNI and the court provided sufficient notice to defendants of the Motion for Preliminary Injunction. Defendant communicated directly with the court's case manager by email seeking to reset the hearing. Despite having actual notice, and despite the court having ordered defendants to appear at the hearing, defendants failed to appear.

2.     There is a substantial likelihood that DSNI will prevail on its claims against defendant Roberts and Dreier after a trial on the merits as to DSNI's claims for misappropriation of trade secrets and confidential information, violation of the Texas Theft Liability Act, breach of fiduciary duty and the duty of loyalty (and Dreier's apparent aiding and abetting of same), conversion, and violations of the Computer Fraud and Abuse Act.

3.     DSNI is suffering immediate, irreparable, imminent harm and there is no adequate remedy at law to remedy these harms.  Defendants have posted confidential information about DSNI's products on publicly accessible blogs and websites.  The confidential information/trade secrets that defendants have disclosed includes, but is not necessarily limited to: (a) the formulas of most of DSNI's nutritional supplements; (b) the costs of manufacture of most of DSNI's nutritional supplements; and (c) the labeling costs of most of DSNI's nutritional supplements.  As a direct and proximate result of Roberts's conduct, DSNI has suffered irreparable harm through the potential loss of the secrecy of its confidential information, and reasonably anticipates the further loss of clients, goodwill, revenues and profits.  The total economic loss to DSNI cannot be accurately measured at this time and there is significant doubt as to the defendants' ability to pay a money judgment.  At this point, DSNI has no adequate remedy at law and is suffering immediate and irreparable harm.  Although DSNI's counsel has taken substantial steps to have DSNI's

Confidential Information removed from various internet sites and blogs, it is likely to continue to appear, as it has in additional blog sites since the court entered its Temporary Restraining Order on June 23, 2008 (Docket Entry No. 5).  The evidence also shows Robert's intent to continue operating his blog site.  Unless the court enters a preliminary injunction, the blog site, and www.steroid-rx.com, will be re-published.  Should defendants continue to disclose DSNI's Confidential Information, they will destroy the secrecy of DSNI's confidential information, business, and goodwill, while providing competitors the potential ability to profit from Roberts's acts by rapidly gaining a competitive advantage in the market place that it took DSNI many months to build.  The injury suffered by DSNI due to defendants' unlawful conduct outweighs whatever hardship defendants could allege or prove from being restrained.

4.   Finally, the granting of the Motion for Preliminary Injunction would not adversely affect public policy or public interest and would preserve the status quo until a trial on the merits.

5.   Injunctive relief is also authorized by 18 U.S.C. § 1030(g).  DSNI has met its burden to show the requirements necessary for the court to issue a preliminary injunction under 18 U.S.C. § 1030(g).

6.   The court finds that defendant Roberts misappropriated a Macintosh Laptop Computer belonging to DSNI after the termination of his employment with

3

DSNI.  Roberts is in possession of DSNI's confidential information.  He has demonstrated an intent to continue to disclose it for the purpose of harming DSNI.  In addition, defendant Roberts failed to comply with aspects of the court's Temporary Restraining Order.  Roberts failed to: (a) take any steps to remove the blog postings at the websites listed in the courts' Temporary Restraining Order or remove disclosures of DSNI's Confidential Information; (b) return to DSNI the Macintosh Laptop, the "backup" compact disk he admits to having in his possession, any and all information regarding DSNI's products, financial outlook, financial status, sales and profit margins, business operations or sales figures by 12:00 p.m. Friday, June 27, 2008; and (c) to deliver every hard drive, back up drive, flash drive, compact disk or other storage medium, in his possession, custody and control, to the extent such drive, disk or storage media was used to: (I) store data or electronically communicate with third parties, between May 25, 2008 and June 19, 2008, regarding the ingredients of DSNI's products, the formula for DSNI's products, the costs for DSNI to produce or purchase its products or methods by which DSNI runs its business or created its website; (ii) to view or access websites operated by DSNI or inspect data in the "shopping carts" of DSNI's websites to determine sales activity; or (iii) to post information on www.steroid-rx.com or www.robertsblog.com from May 25, 2008 to June 24, 2008.

The court grants DSNI's Motion for Preliminary Injunction. The court hereby orders that Roberts, A. Roberts, LLC, Dreier and their agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, must refrain from the following steps:

(a)    Deleting, altering, destroying or removing any emails, communications, private messages, blog postings or other communications that Roberts or Dreier, or their agents and representatives, sent to or received from any third party user of the steroid-rx.com website, or posted to any blog site, at any time between May 15, 2008 and July 14, 2008;

(b)    Deleting, altering, destroying or removing any documents, files or electronically stored data in the possession, custody or control of Roberts or Dreier, or their agents or representatives, that has or had any information relating to the Confidential Information as defined above or information regarding DSNI's sales history, customers' financial information or customers' prior purchases from DSNI;

(c)    Directly or indirectly disclosing any data contained on the Macintosh laptop and the compact disk Roberts took from DSNI;

(d)    Selling, assigning or converting confidential information about DSNI's profit margins, sales history, customers' financial information or prior purchases from DSNI, or any other data contained either on the compact disk Roberts admits to having in his June 22, 2008 blog posting or that resides on the Macintosh laptop he took from DSNI;

(e)    Using any password to access private, password-protected information contained in the websites operated by DSNI (such as sales data or the names, address and orders of DSNI's customers); and

(f)    Using or disclosing, directly or indirectly, DSNI's or DSNI's clients' confidential information or trade secrets,

5

including but not limited to all information on the Macintosh laptop or compact disk Roberts admits having in his possession.

The court further orders:

(a)    defendant Roberts to return to counsel for DSNI the Macintosh Laptop and the compact disk, any and all information regarding DSNI's products, financial outlook, financial status, sales and profit margins, business operations or sales figures, or any other property he took or received that belongs to DSNI, by Friday, August 1, 2008 to the offices of counsel for DSNI. Defendants will incur the expense of transporting the items to DSNI's counsel;

(b)    defendants to preserve all evidence of any disclosure or dissemination of DSNI's Confidential Information.

The court sets bond at $1000 and orders that the bond filed to secure the Temporary

Restraining Order is sufficient for this Preliminary Injunction.

SIGNED on July 14, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge