### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| DYNAMIC SPORTS NUTRITION, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-08-1929 |
| | § | |
| ANTHONY ROBERTS, *et al.*, | § | |
| | § | |
| Defendants | § | |

### MEMORANDUM AND OPINION

On September 17, 2008, this court granted the motion filed by the plaintiff, Dynamic Sports Nutrition, Inc. (DSNI), for entry of default judgment against the defendants, Anthony Roberts a/k/a Anthony Connors and A. Roberts, LLC (collectively, the "Roberts Defendants"). At a hearing on the motion for final judgment held on December 18, 2008, DSNI presented testimony and documentary evidence in support of its claim for damages resulting from the Roberts Defendants' conduct. Because DSNI did not give the defendants notice of this hearing, the court reset the hearing and ordered notice. Another hearing was held on January 8, 2009, after DSNI gave notice to the Roberts Defendants of the hearing along with a copy of the proposed final judgment. At the January 8, 2009 hearing, DSNI presented further testimony and documentary evidence in support of its claims for damages and for injunctive relief.

Based on the pleadings, motion, evidence presented, and the applicable law, this court makes the following findings and conclusions:

1. After his employment with DSNI was terminated, Roberts misappropriated a Macintosh laptop computer belonging to DSNI. Roberts has been in possession of DSNI's confidential information and has demonstrated his continued intent to disclose it for the purpose of commercially harming DSNI.

2. Roberts posted DSNI's confidential information and trade secrets on publicly accessible blogs and websites. These postings have significantly diminished the secrecy and value of DSNI's confidential information and trade secrets and damaged DSNI's goodwill with its existing and potential customers. The confidential information and trade secrets that Roberts disclosed for the purpose of commercially harming DSNI include, but are not limited to the ingredients, formulas, manufacturing costs, and labeling costs of most of DSNI's nutritional supplements.

3. As a direct and proximate result of Roberts's conduct, DSNI has lost the secrecy of its confidential information, which has significantly diminished in value. DSNI presented evidence that Roberts's conduct caused DSNI to lose $569,065.00 in profits from June 13, 2008 to the present. DSNI presented evidence to support its claim that it would lose an additional $6,090,000.00 in future profits through December 31, 2011.

4. This court entered a preliminary injunction on July 14, 2008, enjoining Roberts from, among other things, "[u]sing or disclosing, directly or indirectly, DSNI's or DSNI's clients confidential information or trade secrets." (Docket Entry

No. 13)

5. After July 14, 2008, Roberts violated the injunction by disclosing on his internet blog site, http://blog.anthonyrobertsonline.com, the same confidential DSNI information he had previously posted on blogs and websites. Roberts also failed to comply with this court's temporary restraining order and preliminary injunction by failing to do the following:

(a) take steps to remove the blog postings at the websites listed in this court's temporary restraining order or to remove disclosures of DSNI's confidential information;

(b) return to DSNI the stolen Macintosh laptop, the "backup" compact disc he has in his possession, and all information in his possession regarding DSNI's products, financial outlook, financial status, sales and profit margins, business operations or sales figures by 12:00 p.m. on June 27, 2008; and

(c) deliver to DSNI every hard drive, back-up drive, flash drive, compact disc or other storage medium in his possession, custody or control, to the extent such drive, disc, or storage media was used to: (1) store data or electronically communicate with third parties between May 25, 2008 and June 19, 2008 regarding the ingredients or formula of DSNI's products, the costs for DSNI to produce or purchase its products, or methods by which DSNI runs it business or created its website; (2)

        view or access websites operated by DSNI or to inspect data in the "shopping carts" of DSNI's websites to determine sales activity; or (3) post information on www.steroid-rx.com or www.robertsblog.com from May 25, 2008 to June 24, 2008.

6. Roberts's conduct has caused, and continues to cause, irreparable harm to DSNI. Any legal relief that the court could award at this point would be of little value because Roberts appears to be unable to pay a judgment. The magnitude of the injury DSNI is suffering due to the Roberts Defendants' unlawful conduct outweighs whatever hardship Roberts could allege or prove from being enjoined by a permanent injunction. The entry of a permanent injunction would not adversely affect public policy or public interest. DSNI has met all requirements for entry of a permanent injunction.

7. DSNI has met its burden to show the requirements necessary for the court to issue a permanent injunction under 18 U.S.C. § 1030(g).

8. DSNI has incurred $32,417.50 in reasonable attorney's fees.

The court grants DSNI's motion for a permanent injunction. The court orders that Anthony Roberts and A. Roberts, LLC, and their agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, shall refrain from:

(a) Directly or indirectly disclosing the confidential information as defined above;

(b) Selling, assigning, or converting any data regarding the confidential

information or any information regarding DSNI's profit margins, manufacturing costs of its products, sales history, customers' financial information or prior purchases from DSNI, or any other data contained on either the stolen Macintosh laptop computer or on the compact disc Roberts admitted to having in his possession in his June 22, 2008 blog posting;

(c)  Using any password to access private, password-protected information contained in the websites operated by DSNI (such as sales data or the names, addresses, and orders of DSNI's customers).

The court requires no bond to secure its permanent injunction. *See* FED. R. CIV. P. 65(c). The Clerk of Court will release to DSNI the $1,000 cash bond that DSNI filed to secure this court's temporary restraining order.

The court further orders that on **February 27, 2009, at 9:00 a.m.**, Anthony Roberts appear at the United States Courthouse, Courtroom 11B, 515 Rusk, Houston, Texas, to show cause why he should not be held in contempt for failure to comply with this court's order.

Final judgment will be entered by separate order.

SIGNED on January 16, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge